UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES E. GUYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:16-cv-01080-SGC |
| | ) |
| DR. RAY L. WATTS, President, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**[1]

This matter is before the court on the motions to dismiss filed by the defendants, Dr. Ray Watts, President of the University of Alabama at Birmingham ("Dr. Watts") (Doc. 6), and The Board of Trustees of the University of Alabama[2] ("the Board"). (Doc. 15). For the reasons that follow, Dr. Watts will be dismissed, and all claims against the Board, with the exception of Plaintiff's Title VII claims, will be dismissed as well.

**I.   PROCEDURAL HISTORY AND RELEVANT FACTS**

James Guyton ("Plaintiff") filed his initial complaint on July 1, 2016, naming only Dr. Watts as a defendant. (Doc. 1). Dr. Watts moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the *Federal Rules of Civil Procedure*. (Doc. 6). In his motion to dismiss, Dr. Watts argues he is immune from suit under the ADEA because individuals may not be sued for violations of that

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636 and the General Order for Referral of Civil Matters to Magistrate Judges, which became effective on January 2, 2015. (Docs. 7, 18).

[2] Plaintiff's amended complaint added The University of Alabama at Birmingham ("UAB") as a defendant. (Doc. 11). As the Board points out in its motion to dismiss, UAB is not a legal entity with the capacity to be sued, and the proper defendant in this case is the Board. (Doc. 15). The Board's arguments will be addressed in this Memorandum Opinion and Order. Additionally, the Clerk of Court is **DIRECTED** to **AMEND** the docket sheet to reflect that the sole remaining defendant is "The Board of Trustees of the University of Alabama."

statute (Doc. 6 at ¶¶ 12-13) and he is immune from any § 1983 claim because, under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court  (Doc. 6 at ¶¶ 19-20) (citing *Jackson v. Ga. Dep't. of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994).  Dr. Watts further asserts the complaint is due to be dismissed for failure to state a claim because it is a shotgun pleading and it fails to allege facts which permit an inference Dr. Watts is liable under any theory of recovery.

Plaintiff did not respond to the substance of Dr. Watts's motion to dismiss; instead, he filed an amended complaint (the "Complaint").  (Doc. 11).  Plaintiff amended his claims to specify that he seeks to sue for violations of Title VII, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, "by and through 42 U.S.C. § 1983 and the Fourteenth Amendment."  (*Id.* at 1-2).  Plaintiff also named UAB as a defendant.  (*Id.*).  The Board, stating that it was incorrectly named, moved to dismiss on its own behalf.  (Doc. 15).

Plaintiff alleges the following regarding his employment and termination.  Plaintiff is an African-American male at least forty years old.  (Doc. 11 at 3).  He was employed in the Facilities Planning, Design, and Construction Division of the University of Alabama at Birmingham from August 1998 until his termination in July 2013.  (*Id.* at 3, 4).  Plaintiff was approved for personal leave from August 31, 2011 until September 2, 2011.  (*Id.* at 4).

On or about August 30, 2011, Plaintiff received an email from Jim James, Assistant Vice President of Facilities Planning, Design, and Construction, informing him he could not take off the days that had previously been approved because James was concerned about Plaintiff being gone from the office right before a project bid.  (*Id.* at 5).  Plaintiff informed James he had arranged to manage the work remotely by email and phone, which was typical when he or other employees took leave.  (*Id.*).  Plaintiff alleges the other employees who were approved for this

kind of arrangement were all white. (*Id.*). Plaintiff also pointed out he had already spent money in anticipation of his leave time and could not change his plans. (*Id.*).

On or about September 27, 2011, Plaintiff was notified he was being reprimanded and placed on probation. (*Id.*). Afterward, James reduced Plaintiff's work assignments and gave them to a white female instead. (*Id.* at 5-6). Based on the decreased workload, James gave Plaintiff negative evaluations which affected Plaintiff's performance rating and compensation. (*Id.* at 6).

On or about March 1, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. (*Id.*; *see also* Doc. 1-1). Sometime during June 2013, the Executive Director of Facilities Administration, Tyrone Quatules, questioned Plaintiff about a recently completed construction project which Plaintiff oversaw. (Doc. 11 at 6). After some weeks of communication regarding the project, Plaintiff was terminated on July 30, 2013. (*Id.*). On or about January 13, 2014, Plaintiff filed a charge of retaliation with the EEOC. (*Id.*; *see also* Doc. 1-1).

Plaintiff asserts five causes of action against Dr. Watts and the Board pursuant to: 42 U.S.C. §2000e ("Title VII"); 29 U.S.C. § 621 (the "ADEA"); and 42 U.S.C. § 1981 by and through 42 U.S.C. § 1983. (Doc. 11 at 6-9). Count One asserts a claim of race discrimination in violation of Title VII and § 1981. (*Id.* at ¶¶ 17-18). Count Two asserts a claim of gender discrimination in violation of Title VII and § 1981. (*Id.* at 19-20). Count Three asserts a claim of age discrimination in violation of the ADEA and § 1981. (*Id.* at 21-22). Count Four asserts a claim of retaliation for engaging in protected activities in violation of Title VII, the ADEA, and § 1981. (*Id.* at ¶¶ 23-24). Count Five asserts a claim of a hostile work environment in violation of Title VII, the ADEA, and § 1981. (*Id.* at ¶¶ 25-26).

## II.     STANDARD OF REVIEW

Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) are asserted on either facial or factual grounds.  *Carmichael v. Kellogg, Brown & Root Svcs., Inc.* 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)).  Facial challenges are based solely on the allegations in the complaint, and as with a motion to dismiss under Rule 12(b)(6), the court must accept the complaint's allegations as true.  *Id.*

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must accept the factual allegations set forth in the complaint as true.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 n.1, (2002); *see also Lotierzo v. Woman's World Med. Ctr., Inc.,* 278 F.3d 1180, 1182 (11th Cir. 2002).  In addition, all reasonable inferences should be drawn in favor of the plaintiff.  *See Omar ex. rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).

Nonetheless, the plaintiff must still meet some minimal pleading requirements.  *Jackson v. Bellsouth Telecomm.,* 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary[,]" the complaint should " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (internal quotations omitted); *see also Jackson,* 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted).  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which are "not entitled to [an] assumption of truth." *Iqbal,* 556 U.S. at 678, 680.  Thus, in ruling on a motion to dismiss, the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly,* 550 U.S. at 570).

### III.   DISCUSSION

#### A.  Claims Barred By Immunity

Plaintiff alleges the following in identifying Dr. Watts:

> 4. Defendant, Dr. Ray L. Watts, in his official capacity as President – University of Alabama at Birmingham, is a public university located on the south side city center of Birmingham, Alabama subject to suit under [Title VII as amended], 42 U.S.C. § 1983 and the Fourteenth Amendment.  The defendant employs at least fifty (500) [*sic*] persons.

(Doc. 11 at 4).  Although this language is unclear in that it characterizes Dr. Watts as a public university, rather than as a person who occupies an official position, it is apparent Plaintiff sought to name Dr. Watts as a defendant in his official capacity.

Dr. Watts, in his official capacity, is synonymous with the State of Alabama for purposes of sovereign immunity analysis.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and "it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71

Case 2:16-cv-01080-SGC   Document 20   Filed 03/31/17   Page 6 of 9

(1989); *see also Price v. Univ. of Ala.*, 318 F. Supp. 2d 1084, 1088 (N.D. Ala. 2003) (concluding Dr. Robert Witt, in his official capacity as President of the University of Alabama, was entitled to immunity from suit under the Eleventh Amendment).  Further, it is well established that state universities in Alabama are entitled to Eleventh Amendment immunity.  *Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir. 1985) (Eleventh Amendment bars suit against state university under § 1983); *Harris v. Bd. Of Trustees of the Univ. of Ala.*, 846 F. Supp. 2d 1223, 1233 (N.D. Ala. 2012) (finding the University of Alabama is not a "person" that can be sued for money damages under § 1983).  Thus, Dr. Watts's immunity status must be viewed in light of whether the State of Alabama is itself immune.

   1. <u>Title VII Claims</u>

  With respect to Plaintiff's claims against the Board, both the Eleventh Circuit and the Supreme Court have held that Congress abrogated Eleventh Amendment immunity from Title VII suits.  *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447-48 (1976); *In re Emp't Discrimination Litigation against State of Ala.*, 198 F.3d 1305, 1317 (11th Cir. 1999) (citing *Fitzpatrick* and holding Congress unequivocally abrogated states' immunity when it amended Title VII to cover state and local governments).  As explained below, Plaintiff has stated cognizable claims against the Board under Title VII.  Therefore, those claims will proceed.

  Title VII claims may be asserted against individual employees in their official capacities. *Cross v. State of Ala. Dept. of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995).  However, when those claims are also asserted against the employer, the claims against the individual employee in his official capacity, which essentially are claims against the employer, are redundant.  *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (holding "[o]fficial-capacity suits represent only another way of pleading an action against an entity of

6

which an officer is an agent" (internal quotation marks omitted)).  Because Plaintiff asserts Title VII race discrimination and retaliation claims against Dr. Watts in his official capacity and against the state entity which employs him (*i.e.*, the Board), the Title VII claims against Dr. Watts are due to be dismissed.

   2. <u>ADEA Claims</u>

  The ADEA does not constitute a valid abrogation of sovereign immunity.  *Kimel v. Fla. Bd. Of Regents*, 528 U.S. 62 (2000).  Therefore, both defendants are immune from suit as to all claims of employment discrimination brought pursuant to the ADEA.  These claims will be dismissed.

   3. <u>Section 1981/1983 Claims</u>

  The State of Alabama has not waived its Eleventh Amendment immunity from suit as to Section 1981 and Section 1983 claims, and Congress has not abrogated such immunity regarding suits for money damages by private individuals.  *See Rizo v. Ala. Dept. Human Res.*, 227 Fed. App'x 832, 834-35 (11th Cir. 2007) (affirming dismissal of state entity on grounds of Eleventh Amendment immunity); *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (citing *Quern v. Jordan*, 440 U.S. 332, 340-45 (1979)) ("It is clear that Congress did not intend to abrogate a state's Eleventh Amendment immunity in Section 1983 damage suits."); *Jackson* 16 F.3d at 1575 (state officials sued for damages in official capacity are immune from suit).

  Further, as an arm of the State of Alabama, the Board is not a "person" subject to suit through § 1983 for violations of § 1981.  *See Bryant v. Jones*, 575 F.3d 1281, 1288 n.1 (11th Cir. 2008) (finding that a claim against a state actor for a violation of § 1981 must be asserted through § 1983); *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (holding that a state is not a "person" against whom a § 1983 claim for money damages could be asserted); *Carr v. Bd. of*

*Regents of the Univ. Sys.*, 249 Fed. Appx. (11th Cir. 2007) (finding that a state entity is not a "person" subject to suit under § 1983). The same holds for Dr. Watts as an individual defendant sued in his official capacity. *Will*, 491 U.S. at 70-71.

For these reasons, all Section 1981 claims brought via Section 1983 against Dr. Watts and the Board are due to be dismissed.

### B. Plaintiff's Surviving Claims Under Title VII

The remaining claims are those brought under Title VII against Dr. Watts and the Board for race discrimination (Count One); sex discrimination (Count Two); retaliation (Count Four); and hostile work environment (Count Five). As explained above, these claims as asserted against Dr. Watts will be dismissed as duplicative. Plaintiff's Title VII claims against the Board are cognizable and will be permitted to proceed.

Dr. Watts argues Plaintiff fails to satisfy the Eleventh Circuit's admonitions against shotgun pleadings. (Doc. 6 at 8-12). Although Plaintiff's Complaint, as amended, attempted to address certain deficiencies, it did not correct the shotgun nature of the pleadings. (Doc. 11).

A shotgun pleading is one in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. Of Trs. Of Ctr. Fla. Cmty. Coll.*, 77 F.3d 354, 366 (11th Cir. 1996). Such pleadings force the court to decide for itself which of the facts presented are material to the particular claims presented in each count. *Id*. at 366-67. Shotgun pleadings fail to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015).

Because Dr. Watts's motion was directed at what is no longer the operative complaint, it would be inappropriate for the court to act upon it with regard to this argument. The court agrees

Plaintiff's pleadings are less than ideal, in that none of the four counts asserting Title VII violations offers any particular explanation of how the conduct alleged violates the law. Nevertheless, the Complaint does not require the court to "decide for itself" which facts are material to the particular claims presented in each count, and each count gives the Board notice of "the grounds upon which each claim rests." *Anderson,* 77 F.3d at 366; *Weiland*, 792 F.3d at 1322.

The Complaint contains only eleven paragraphs of substantive factual allegations. (Doc. 11 at ¶¶ 5-16). These allegations are far simpler and involve far fewer individuals and causes of action than the long and complicated factual scenarios alleged in the cases cited by Dr. Watts. Although they could be more precise, these counts do not appear calculated to "confuse the 'enemy,' and the court." *Weiland,* 792 at 1320.

Further, Dr. Watts cites no binding authority for the proposition that dismissal, rather than an order to re-plead, is the appropriate remedy. Accordingly, the court declines to dismiss the pleadings on this basis. Dr. Watts will be dismissed as a defendant on other grounds.

## IV.   CONCLUSION

For the foregoing reasons, the motion to dismiss filed by the Board (Doc. 15) is **GRANTED**, and all claims against the Board, except Plaintiff's Title VII claims, are **DISMISSED WITH PREJUDICE**. The motion to dismiss filed by Dr. Watts (Doc. 6) is **GRANTED**, and all claims against him are **DISMISSED WITH PREJUDICE**.

**DONE** this 31st day of March, 2017.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE